# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

EVA MARKMAN

    Plaintiffs,

v.

WINSTON TOWERS 500 ASSOCIATION, INC.,
DANIEL F. COLLOT, and REALMANAGE, LLC. d/b/a
ASSOCIATION SPECIALTY GROUP

    Defendants,
_____/

CASE NO.:

## COMPLAINT
## (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff, EVA MARKMAN, by and through her undersigned counsel, sues the Defendants WINSTON TOWERS 500 ASSOCIATION, INC., DANIEL F. COLLOT, and REALMANAGE, LLC. d/b/a ASSOCIATION SPECIALTY GROUP., and states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. Venue is proper in the Southern District of Florida, Miami Division, under 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

3. The Plaintiff, EVA MARKMAN is currently a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. Defendant WINSTON TOWERS 500 ASSOCIATION, INC., (hereinafter "WINSTON TOWERS 500") is a Florida corporation, licensed to and doing business in Miami-Dade County, Florida.

5.  Defendant REALMANAGE, LLC. d/b/a ASSOCIATION SPECIALTY GROUP (hereinafter "ASG") is a Foreign Limited Liability Company, licensed to and doing business in Miami-Dade County, Florida.

6.  Defendant DANIEL F. COLLOT (hereinafter "COLLOT"), is a Licensed Community Association Manager, an employee of Defendant ASG, and sui juris.

7.  Defendant ASG, through its employee and Licensed Community Association Manager, COLLOT, personally implemented and enforced all of the discriminatory decisions of WINSTON TOWER 500 with knowledge of the illegality of such decisions.

## GENERAL ALLEGATIONS

8.  EVA MARKMAN is a 73-year-old woman who lives with debilitating rheumatoid arthritis and has swelling, stiffness, pain, and loss of physical function in her legs and hands. In addition, Ms. MARKMAN has a hernia, high blood pressure and sciatica. as such, EVA MARKMAN is a person with a disability under 42 U.S.C. §3602(h).

9.  As a result of these multiple disabilities, for the past four years, she has had a home health care aide to assist her with activities of daily living for fifteen hours per week, which includes cleaning, using the bathroom, showering, getting out of bed in the morning, and preparing food.

10. WINSTON TOWERS 500 operates a Condominium with 419 units, located at 301 174th Street. Sunny Isles Beach, FL 33160.

11. ASG was hired to manage the affairs of WINSTON TOWERS 500, and placed a Licensed Community Association Manager, COLLOT, on the premises.

12. COLLOT and other employees located at the premises of WINSTON TOWERS 500 are employees and agents of WINSTON TOWERS 500 and ASG.

13. For over twelve years, EVA MARKMAN has lived in WINSTON TOWER 500 in unit 2415.

14. On or about March 23, 2020 and in response to the COVID-19 pandemic, WINSTON TOWERS 500 enacted new safety procedures. The safety procedures included as follows:

> **No guests including immediate family members are allowed in the building.** Only registered residents are allowed. Health providers that are registered with the Association office will be allowed access. However, any personnel that shows signs of illness (Coughing etc.) may be turned away at the Association's discretion. (emphasis in original)

15. Soon thereafter, WINSTON TOWERS 500, ASG, COLLOT and their agents and employees strictly enforced these rules.

16. On April 2, 2020, the ASG employees blocked EVA MARKMAN's Home Health Aide from entering the building.

17. EUGENE MARKMAN, the son of EVA MARKMAN advised the Management of Winston Towers 500 that the home health aide was essential to the care of his disabled mother, EVA MARKMAN.

18. In response to EUGENE MARKMAN's complaint, COLLOT responded as follows:

> Thank you for your communication. As you are aware, due to the ongoing situation involving Covid 19, the Board of Directors has taken steps to protect the welfare of all residents by limiting visitors and contractors/vendors to the property (See attached notice). Regrettably, at this time your visiting dog walker will not be allowed in the building. Once things return to normal, these restrictions will be lifted.

19. On April 3, 2020, EUGENE MARKMAN again confirmed with WINSTON TOWERS 500 that his mother had a home health aide.

20. On or around April 4, 2020, EVA MARKMAN's home health aide attempted to enter the unit in an attempt to provide essential services EVA MARKMAN. WINSTON TOWERS 500 security physically prevented her from entering the building.

21. On that same day EUGENE MARKMAN called the police in an attempt to require WINSTON TOWERS 500 to allow the home health aide to visit EVA MARKMAN. The police department advised that this was a civil matter and they could not assist.

22. Two members of the Board of Directors of WINSTON TOWERS 500 yelled at EVA MARKMAN and said that all home care attendants are not allowed into the building.

23. On April 9, 2020, in a further attempt to resolve the situation, EUGENE MARKMAN sent Winston Towers 500 management a letter from the home health care agency, Faith Health Care Inc., confirming that she is a home health aide providing essential services.

24. Since that time, WINSTON TOWERS 500, ASG and COLLOT has ignored all communications from EUGENE MARKMAN and has not allowed my EVA MARKMAN to access her home health care aide.

25. As EVA MARKMAN did not have assistance with her activities of daily living without assistance, it is extremely difficult for her to complete tasks such as using the bathroom and preparing food on her own, and due to her physical exertion, her arthritis condition worsened leading to an inflammation of her hands and legs.

26. As he could not resolve the issues with his mother on his own, the MARKMAN family sought the assistance of, and retained, Legal Services of Greater Miami.

27. On April 21, 2020, Sean Rowley of Legal Services of Greater Miami sent a Reasonable Accommodation Request to Winston Towers 500 asking that Ms. Markman be permitted to have her home health aide visit her unit as a Reasonable Accommodation. Mr.

COLLOT responded that he would reply shortly; however, despite follow up emails from Mr. Rowley, Mr. COLLOT refused to grant or deny the accommodation.

28. On April 24, 2020, the MARKMAN family retained Disability Independence Group, who issued a demand letter that if there was no response to the accommodation request by end of business April 27th, that EVA MARKMAN would file a preliminary injunction. Mr. COLLOT referred the demand to the Association attorney, Jose Garcia, Esq., and requested any further documentation be sent to him.

29. As of April 28, 2020, WINSTON TOWERS 500, ASG, or COLLOT failed to respond to the accommodation request, and such failure is deemed to be a denial.

30. As a result of Defendants' actions described above, Plaintiff MARKMAN suffered and continue to suffer irreparable loss and injury including, but not limited to a threat to her ability to live in the community independently, humiliation, embarrassment, emotional distress, and deprivation of her right to equal housing opportunities regardless of her disability.

31. Plaintiff has retained Disability Independence Group and Legal Services of Greater Miami to represent her in this cause and have agreed to pay a reasonable fee for their services.

32. Plaintiff has complied with all necessary conditions precedent to the bringing of this action, or such conditions precedent have been waived.

**COUNT I- FAILURE TO PROVIDE REASONABLE MODIFICATION**

33. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a

person with a disability equal opportunity to use and enjoy a dwelling, including public or common use areas. 42 U.S.C. § 3604(f).

35. Defendants WINSTON TOWERS 500, ASG, and COLLOT, individually, and through their agents and officers created and enforced a rule to limit the visitors to the premises operated by the Defendants.

36. Defendants WINSTON TOWERS 500, ASG, and COLLOT, individually and through their officers and agents refused to allow a reasonable accommodation to permit a home health aide, which was necessary and required because of EVA MARKMAN's disability.

37. There were no accommodations requested on behalf of EVA MARKMAN that could be provided that would be an undue financial and administrative burden to Defendants or a fundamental alteration in the nature of the programs of the condominium.

38. Further, the undue delay in responding to a request for accommodation or modification or to include procedures which would add additional delay is deemed to be a denial and thus a violation of the Fair Housing Act.

39. The presence of a home health aide does not pose a direct threat to the health and safety of others.

40. Defendants WINSTON TOWERS 500, ASG, and COLLOT was personally involved in, authorized, and ratified each and every discriminatory act and denial of accommodation for Plaintiffs, EVA MARKMAN herein.

41. Further, as a direct and proximate result of Defendants refusal to accommodate EVA MARKMAN, she has suffered irreparable loss and injury including but not limited to a threat to her ability to live in the community independently, actual damages, humiliation, emotional distress, and deprivation of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff EVA MARKMAN demands judgment against WINSTON TOWERS 500 ASSOCIATION, INC., DANIEL F. COLLOT, and REALMANAGE, LLC. d/b/a ASSOCIATION SPECIALTY GROUP, to declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities; and award Plaintiffs injunctive relief to require defendants to permit EVA MARKMAN's home health aide to enter the premises, prohibit such discriminatory actions, as well as compensatory and punitive damages, and their attorneys' fees and costs as well as any other such relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

**A JURY TRIAL IS DEMANDED FOR ALL ISSUES TRIABLE BY A JURY**

Respectfully submitter on this 28th day of April, 2020.

| | |
|---|---|
| *By: /s/Matthew W. Dietz*<br>Matthew W. Dietz, Esq.<br>FL. Bar No.: 0084905<br>**Disability Independence Group, Inc.**<br>2990 Southwest 35th Avenue<br>Miami, Florida 33133<br>Phone (305) 669-2822<br>Facsimile (305) 442-4181<br>mdietz@justdigit.org<br>aa@justdigit.org<br><br>*Counsel for Plaintiff* | *By: /s/ Sean Rowley*<br>Sean Rowley, Esq.<br>FL. Bar No.: 0026935<br>**Legal Services of Greater Miami, Inc.**<br>4343 West Flagler Street, Suite 100<br>Miami, Fl 33134<br>Phone: (305) 438-2415<br>srowley@legalservicesmiami.org<br>ydiaz@legalservicesmiami.org<br><br>*Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF and have been served along with the complaint, via email and US Mail to the following: Jose H. Garcia, Esq., jgarcia@cuevaslaw.com, (Association attorney); Cuevas, Garcia & Torres, P.A., 7300 N Kendall Dr Ste 680, Miami, FL 33156-7871; Daniel Collot, LCAM; dan-pm@wt500.org; Winston Towers 500 Association, Inc., 301-174th St, Sunny Isles Beach, FL. 33160; Eliza Brandt, Association president, liz-pres@wt500.org.

| | |
|---|---|
| By: /s/Matthew W. Dietz<br>Matthew W. Dietz, Esq.<br>FL. Bar No.: 0084905<br>**Disability Independence Group, Inc.**<br>2990 Southwest 35th Avenue<br>Miami, Florida 33133<br>Phone (305) 669-2822<br>Facsimile (305) 442-4181<br>mdietz@justdigit.org<br>aa@justdigit.org<br><br>*Counsel for Plaintiff* | By: /s/ Sean Rowley<br>Sean Rowley, Esq.<br>FL. Bar No.: 0026935<br>**Legal Services of Greater Miami, Inc.**<br>4343 West Flagler Street, Suite 100<br>Miami, Fl 33134<br>Phone: (305) 438-2415<br>srowley@legalservicesmiami.org<br>ydiaz@legalservicesmiami.org<br><br>*Counsel for Plaintiff* |